1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10   ALLIED WORLD NATIONAL
ASSURANCE COMPANY,

11                          Plaintiff,

12              v.

13   FOREMOST INSURANCE
COMPANY,

14

15                          Defendant.

CASE NO. C20-154 MJP

ORDER ON PLAINTIFF'S
MOTION FOR A PROTECTIVE
ORDER

16
17    This matter comes before the Court on Plaintiff's Motion for a Protective Order. (Dkt.

18   No. 64.) Having reviewed the Motion, Defendant's Opposition (Dkt. No. 70), Plaintiff's Reply

19   (Dkt. No. 72), and all supporting materials, the Court GRANTS in part and DENIES in part the

20   Motion.

21                          **BACKGROUND**

22    Plaintiff Allied World National Assurance brings claims as assignee of its insured, Smart

23   Circle International LLC, against Defendant Foremost Insurance Company. Allied alleges that

24   Foremost failed to provide Smart Circle with full defense and indemnity coverage in a personal

ORDER ON PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER - 1

injury lawsuit against Smart Circle. Allied pursues the following claims: (1) a declaratory

judgment that Foremost owed a duty to defend and indemnify; (2) breach of the duty to defend;

(3) breach of the duty to indemnify; (4) breach of the duty of good faith and fair dealing; (5)

violations of the Consumer Protection Act; and (6) violations of the Washington Insurance Fair

Conduct Act.

In ruling on Allied's motions for summary judgment, the Court held that Foremost owed

Smart Circle a duty to defend on a primary basis and found that Foremost had breached that

duty. (Dkt. No. 73.) The Court's Order narrows the scope of discovery in this case and impacts

the Motion for a Protective Order, as explained below.

Allied asks the Court to prevent Foremost from obtaining responses to the following

discovery requests:

INTERROGATORY NO. 1: Please identify each Allied Representative involved in the investigation and/or determination of insurance coverage for the Shelland Lawsuit, and the dates of their involvement and their role(s);

INTERROGATORY NO. 3: Please identify by bates-range each Communication in which Allied communicated to Smart Circle and/or Foremost its position regarding indemnity for Smart Circle under the Allied Policy relative to the Shelland Lawsuit;

INTERROGATORY NO. 4: Please state Your basis for determining that Allied owed no primary defense to Smart Circle for the claims against Fred Meyer for its negligence based upon the Distribution Agreement between Fred Meyer and Smart Circle in the Shelland Lawsuit;

INTERROGATORY NO. 5: Please state Your basis for determining that Allied owed no and/or limited indemnity to Fred Meyer in the Shelland Lawsuit;

REQUEST FOR PRODUCTION NO. 1: Produce a complete copy of every File maintained by You relating in any way to the Shelland Lawsuit, including, without limitation, all claim notes, correspondence addressing or involving the Shelland Lawsuit, and documentation of defense cost and indemnity reserves set relative to the Shelland Lawsuit;

REQUEST FOR PRODUCTION NO. 3: Produce all correspondence You issued to any entity regarding the <u>Shelland</u> Lawsuit;

REQUEST FOR PRODUCTION NO. 4: Produce each written document that sets forth the guidelines and/or standards for claims handling practices and/or procedures applicable to Your handling of the <u>Shelland</u> Lawsuit; and

REQUEST FOR PRODUCTION NO. 5: Produce all Documents and Communications Relating To or evidencing any amounts that You paid on behalf of Smart Circle with respect to the <u>Shelland</u> Lawsuit.

## ANALYSIS

### A.    Legal Standard

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). But under Rule 26(c) "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ. P. 26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003). And the Court must "'identify and discuss the factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion.'" <u>Id.</u> (quoting <u>Phillips v. Gen. Motors</u>, 307 F.3d 1206, 1212 (9th Cir. 2002)).

### B.    Discovery Requests

Allied seeks a protective order to prevent Foremost from obtaining discovery about Allied's claims handling process and coverage determinations in the <u>Shelland</u> lawsuit from

which this litigation arises. (<u>See</u> Interrogatories Nos. 1, 3, 4, and 5; Requests for Production Nos. 1, 3, and 4.) And Foremost seeks documents showing how much Allied paid on behalf of Smart Circle in the underlying <u>Shelland</u> lawsuit. (<u>See</u> Request for Production No. 5.)

### 1.    Claims Handling and Coverage Determination Materials

The Court agrees with Allied that the materials concerning its claims handling and coverage determinations are not relevant in this matter. (<u>See</u> Interrogatories Nos. 1, 3, 4, and 5; Requests for Production Nos. 1 (in part), 3, and 4.) The Court reviews Foremost's two arguments in opposition, which fail to persuade the Court as to the relevance of these materials.

First, Foremost argues that the claims handling and coverage materials relate to whether Foremost owes a duty to provide primary coverage, whether Allied subjectively believed it owed something other than excess coverage, and why Allied paid part of Smart Circle's defense costs. (Def. Opp. at 6-7 (Dkt. No. 70).) Because the Court has determined that Foremost owed a duty to provide primary coverage and breached that duty, Allied's subjective belief about coverage priority and the reasons it funded half of the defense costs are irrelevant. The information sought appears to have no bearing on the remaining issues in this case.

Second, Foremost argues that these materials are relevant to the IFCA claim because Allied claims it was "forced" to pay for Smart Circle's defense and indemnity costs. (Def. Opp. at 7.) The Court rejects this argument. How Allied handled Smart Circle's claims does not have any bearing on whether Foremost violated IFCA in handling Smart Circle's request for defense and indemnification.

Because the Court finds that the materials sought in Interrogatories Nos. 1 (with the limited exception noted below in Section B(2)), 3, 4, and 5 and Requests for Production Nos. 1, 3, and 4 are not relevant, it finds good cause to GRANT the Protective Order Allied seeks. The

1    Court notes that Allied failed to provide any evidence of an undue burden, prejudice, or expense

2    that would it suffer if it had to provide these materials. But the Court finds that such evidence

3    was not necessary given the fact that the materials sought are not relevant and therefore their

4    production would be an unnecessary burden and expense in this case.

5            2.       **Amounts Paid on Behalf of Smart Circle**

6            Allied asks the Court to prevent Foremost from obtaining documents and information

7    showing how much Allied paid on behalf of Smart Circle in the underlying Shelland lawsuit.

8    (See Request for Production No. 5.) Foremost argues that this information is relevant to damages

9    (i.e., the amount Foremost must reimburse Allied) and its own mitigation defense. Additionally,

10   Foremost argues that Interrogatory No. 1 seeks the identity of people knowledgeable about

11   Allied's mitigation of damages. The Court agrees with Foremost. The amount Allied paid on

12   behalf of Smart Circle is relevant to damages and to the mitigation defense which concerns the

13   amounts Smart Circle could have mitigated its damages. And Allied must identify the people

14   with knowledge of these issues.

15           The Court also notes that Foremost's Request for Production No. 1 is broad enough to

16   encompass documents relating to damages and mitigation. But any such documents would also

17   appear to be responsive to Request for Production No. 5, which more narrowly and properly

18   targets this issue. The Court therefore finds that Request for Production No. 1 is redundant on the

19   issue of damages and overbroad to the extent it seeks documents about claims handling and

20   coverage determinations. The Court therefore finds it appropriate to issue the requested

21   protective order as to Request for Production No. 1.

22           Having found these two discovery requests to seek relevant information, the Court finds a

23   lack of good cause to grant a protective order. Allied has failed to provide any evidence of a

24

1   "specific prejudice or harm [that] will result if no protective order is granted." See Foltz, 331

2   F.3d at 1130. The Court therefore DENIES the Motion as to Request for Production No. 5 and

3   Interrogatory No. 1 to the extent it is limited to damages and the amounts Smart Circle could

4   have mitigated its damages.

5                                    **CONCLUSION**

6          Information and documents about Allied's claims handling process and its subjective

7   belief about its coverage obligations are irrelevant. The Court GRANTS Allied's Motion as to

8   Interrogatories Nos. 1 (in part), 3, 4, and 5; Requests for Production Nos. 1, 3, and 4, and

9   ORDERS that Allied need not provide responses or documents to them. But because damages

10  and Foremost's failure to mitigate damage defense remain at issue in this case, Interrogatory No.

11  1 (in part) and Request for Production No. 5 seek relevant information and documents. Given

12  Allied's failure to provide any evidence of prejudice or harm, the Court DENIES the Motion as

13  Interrogatory No. 1 (as narrowed) and Request for Production No. 5.

14         The clerk is ordered to provide copies of this order to all counsel.

15         Dated March 2, 2021.

16

17                                   Marsha J. Pechman
                                     United States District Judge

18

19

20

21

22

23

24